**In re Robert James SHIPMAN, Debtor.**

**FARMERS STATE BANK OF KANAWHA, IOWA, Plaintiff,**

v.

**Robert James SHIPMAN, Defendant.**

**No. C 87–3022.
Bankruptcy No. 85–00984M.
Adv. No. 86–0056M.**

United States District Court,
N.D. Iowa, C.D.

July 2, 1987.

David Siegrist, Britt, Iowa, for Plaintiff/Appellant Farmers State Bank, Kanawha, Iowa.

H. Raymond Terpstra, II, Cedar Rapids, Iowa, for Defendant/Appellee Robert James Shipman.

## ORDER AFFIRMING BANKRUPTCY COURT'S DECISION

HANSEN, District Judge.

This matter is before the court on appellant Farmers State Bank of Kanawha's (bank) appeal filed February 13, 1987, from decisions of the bankruptcy court[1] entered October 8, 1986, and February 5, 1987, determining the validity and extent of the bank's liens and overruling the bank's motion for new trial. Robert Shipman resists the appellant's appeal and urges this court to affirm the bankruptcy court. In addition, Mr. Shipman has made application for an order requiring the bank to file a $15,-000 supersedeas bond to protect him from damages incurred as a result of the stay of these matters pending the bank's appeal. Both sides have filed briefs outlining their arguments.

This court has carefully reviewed the record with respect to the four issues raised on appeal and has also carefully reviewed the exhaustive and well written briefs filed by the parties. That review establishes that the bankruptcy judge's findings of fact are not clearly erroneous, and, with respect to the four issues raised on appeal, the bankruptcy judge committed no errors of law. The bankruptcy court's decisions will therefore be affirmed.

In addition, under Rule 8005 of the Bankruptcy Rules, the district court may entertain a motion for approval of a supersedeas bond, "... but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court." Rule 8005. Upon review of the record in this matter, it appears that no such showing has been made. Since debtor has failed to show why bond was not obtained from the bankruptcy court, the court will not order the bank to file bond at this juncture. Should the bank appeal further, the debtor is free to renew his application for bond in

this court in accordance with the applicable bankruptcy rules.

### It Is Ordered:

1. The decisions of the bankruptcy court entered October 8, 1986 and February 5, 1987, are hereby affirmed.

2. Appellee's application for order requiring appellant to file supersedeas bond, filed April 24, 1987, is denied.

---

1. The Honorable Michael J. Melloy, United States Bankruptcy Judge.