In re Ursula BORELLI, dba
Pyramid Realty, Debtor.

Paul W. DICKINSON, individually and
on behalf of others similarly
situated, Appellants,

v.

Charles DUCK, an individual, Nancy
Duck, an individual, B & C Manage-
ment, Inc., a California Corporation,
Lewis E. Cook, Jr., an individual and
sole shareholder of B & C Management,
Inc. and Does 1 through 200, Appellees.

No. C-91-1753 MHP.

Bankruptcy No. 3-90-0417 TC.

United States District Court,
N.D. California.

Oct. 4, 1991.

Joseph W. Cotchett, Bruce L. Simon, Bar-
bara C. Frankland, Cotchett, Illston & Pi-
tre, Burlingame, Cal., for appellants.

Andrew P. Sclar, Gregory E. Ebstein,
Ericksen, Arbuthnot, Brown Kilduff &
Day, Inc., San Francisco, Cal., for Dinkel-
spiel & Dinkelspiel and Michael St. James.

William J. Ziegler, Annamary E. Gannon,
Berg, Ziegler, Lightman & Anderson, San
Francisco, Cal., for B & C Management,
Inc. and Lewis E. Cook, Jr.

## MEMORANDUM AND ORDER

PATEL, District Judge.

This is an appeal of a bankruptcy court
order denying appellant Dickinson's motion
to remand and abstain. This court ques-
tioned the nature of review of the bank-
ruptcy court's order in light of the Judicial
Improvements Act of 1990. For the rea-
sons set forth below, this court finds it has
appellate jurisdiction over the order of the
Bankruptcy Court.

## PROCEDURAL BACKGROUND

This case was originally filed as a class
action in San Francisco County Superior
Court. The complaint alleged state com-
mon law claims arising out of the embezzle-
ment and misappropriation of the assets of
members of the class, including Ursula Bo-
relli, dba Pyramid Realty, who had filed in
bankruptcy. Charles and Nancy Duck,
who have also filed in bankruptcy, were
among the named defendants. Two other
defendants named in the state court com-
plaint removed the action to the bankrupt-
cy court pursuant to 28 U.S.C. §§ 157,
1334, and 1452. The case was assigned to
Bankruptcy Judge Carlson.

On or about October 18, 1990 appellants
filed a motion in the bankruptcy court to

remand and abstain, arguing that the case presented questions of state law and did not arise under title 11 or in a case brought under title 11.

The bankruptcy court considered whether it had jurisdiction to issue an order or was limited to determining findings of fact and conclusions of law. The court determined that Section 309(c) of the recently enacted Judicial Improvements Act of 1990, 28 U.S.C. § 1452(b), amending in 28 U.S.C. § 1452(b), allowed it to enter a binding order despite Bankruptcy Rule 9027(e), which at that time required the bankruptcy judge to file a report and recommendation with the District Court for disposition of a motion to remand. On January 11, 1991 the bankruptcy court issued a binding order denying appellant's motion to remand and abstain.

When the matter came before this court, without the benefit of the bankruptcy court's record, this court asked the parties to address the procedural question of whether the bankruptcy court had authority to enter an order appealable to this court or only to make findings and conclusions. This procedural issue involves determining whether the Judicial Improvements Act amending section 1452(b) applies to this case. While the matter was removed before the amendment became effective, the bankruptcy court's order was entered after the effective date of the amendment.

Appellants contend that *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), requires their motion to be decided by an Article III judge, regardless of the nature of the proceeding and regardless of the form of the bankruptcy court's preliminary ruling. They argue further that nothing in the amendment to section 1452(b) suggests Congress intended to overturn *Marathon* and preclude review by the district court. Appellants conclude that the amendment to section 1452(b) merely precludes appeal of district court remand determinations to the court of appeals.

Appellees argue that the amendment to section 1452(b) makes *any* decision on a remand or abstention motion in a bankruptcy case "not reviewable by appeal." They maintain a district court is presumed to lack jurisdiction in the absence of a specific statutory grant.

DISCUSSION

*District Court Jurisdiction*

Section 1452(b) as amended by the Judicial Improvements Act limits appeals of bankruptcy court remand decisions. As amended, 28 U.S.C. section 1452(b) reads:

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise *by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 or this title.*

28 U.S.C. § 1452(b) (emphasis added).

While the amendment does not specifically address appellate review by the district court, it is clear from the legislative history that Congress intended to give the district court jurisdiction to review remand and abstention decisions of the bankruptcy courts. The Congressional Record clarifies any ambiguity in the language of the amendment:

> Section 309 would amend ... 38 (sic) U.S.C. 1334(c)(2) and U.S.C. 1452(b) to clarify that, with respect to certain determinations in bankruptcy cases, they forbid only appeals from the district courts to the courts of appeals, not from bankruptcy courts to the district courts.... Such determinations would therefore by (sic) reviewable by the district court.

136 Cong.Rec. S17580 (daily ed. Oct. 27, 1990).

Section 9027(e) of the Federal Rules of Bankruptcy procedure was amended August 1, 1991 to conform to the changes in section 1452(b).[1] Judicial Conf.Comm. on

1. Federal Rules of Bankruptcy Procedure § 9027(e), as amended, reads, "(d) REMAND. A

motion for remand of the removed claim or

Rules of Practice and Procedure Amendments to the Fed.R.Bankr.Proc., H.R.Doc. No. 102–80, 102d Cong. 1st Sess. 169 (1991). The notes of the Advisory Committee explain the change:

> Subdivision (e) [of section 9027], redesignated as subdivision (d), is amended to delete the restriction that limits the role of the bankruptcy court to the filing of a report and recommendation for disposition of a motion for remand under 28 U.S.C. 1452(b). This amendment is consistent with § 309(c) of the Judicial Improvements Act of 1990, which amended § 1452(b) so that it allows an appeal to the district court of a bankruptcy court's order determining a motion for remand. This subdivision is also amended to clarify that the motion is a contested matter governed by Rule 9014.

Amendments to the Fed.R.Bankr.Proc. at 481–482.

Although the amended bankruptcy rule was not in effect when the bankruptcy court issued its order denying appellants' motion to remand, the report of the judicial conference committee and the advisory committee note make it clear that Congress intended to amend the bankruptcy rules to conform with section 1452(b). The bankruptcy court's order is consistent with the amended version of bankruptcy rule 9027(e) and section 1452(b).

Because section 1452(b), as amended, retains district court review of remand decisions, there are also no constitutional impediments to the bankruptcy court's authority to enter a final order denying a motion to remand. District court review satisfies the constitutional standard set forth in *Marathon*. In *Marathon,* the Supreme Court found part of the Bankruptcy Act of 1978 unconstitutional because it permitted Article I bankruptcy judges to decide cases without review by Article III judges.[2] 458 U.S. at 81, 87, 102 S.Ct. at 2876, 2880.

Recent case law also supports the bankruptcy court's authority to make an appealable decision. The Second Circuit recently construed the Judicial Improvements Act of 1990 as allowing a bankruptcy court to enter a final order dismissing or suspending an action brought pursuant to 11 U.S.C. § 305(a). "The enactment of ... [the Act] ... has thus limited non-reviewability to the court of appeals and the Supreme Court and, by implication, left intact the possibility of district court review...." *In re Axona Int'l Credit & Commerce Ltd.,* 924 F.2d 31, 35 (2d Cir.1991). This court is persuaded that the same analysis should be applied to final orders of remand and abstention decisions by the bankruptcy court. *See In re GF Furniture Systems Inc.,* 127 B.R. 384 (Bkrtcy.N.D.Ohio 1991) (applying an analysis similar to that in *Axona* to section 1452(b)).

*Effective Date of the Amendment*

■ The amendment to section 1452(b) was signed December 1, 1990 but contains no specific language regarding its effective date. Other sections of the same Act contain specific provisions for the effective date of the section. *See, e.g.,* section 310 (amending 28 U.S.C. 1367) (Supplemental Jurisdiction).[3] Congress' provision for effective dates in some sections of the Act, and the omission of such language in others, suggests the omissions are deliberate. If Congress had intended section 309 only to apply to "civil actions commenced on or after the date of enactment," it would have included such language.

The Ninth Circuit addressed a similar issue in determining that an amendment to 28 U.S.C. section 1441(b) became effective when passed. *Bryant v. Ford Motor Co.,* 886 F.2d 1526, 1528 (9th Cir.1989), *cert. denied,* 493 U.S. 1076, 110 S.Ct. 1126, 107

---

cause of action shall be governed by Rule 9014...."

**2.** Prior to its amendment by the Judicial Improvements Act, section 1452(b) provided that orders to remand or not to remand "were not reviewable by appeal or otherwise." Under *Marathon,* this lack of review precluded bankruptcy courts from entering final orders. *In re Clark,* 127 B.R. 351, 352 (W.D.N.C.1991).

**3.** Section 310(c) Effective date—The amendments made by this section shall apply to civil actions commenced on or after the date of the section.

L.Ed.2d 1033 (1990). The court held that in the absence of statutory direction or clear legislative history to the contrary, "where a case is pending on direct review 'a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice'...." *Bryant,* 886 F.2d at 1528 (quoting *Bradley v. Richmond School Bd.,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)). *See also Kruso v. Int'l Telephone and Telegraph,* 872 F.2d 1416 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990) (retroactive application of amendments to section 1016(a) was not unjust).

This court finds that the bankruptcy court's application of section 1452(b) as amended does not create a "manifest injustice," nor is there any clear statutory direction to apply the amendment only to actions filed after the date of enactment. The bankruptcy court's decision to issue an order rather than proposed findings of fact and conclusions of law, does not significantly change the review process or present the kind of problem that requires notice to the parties.[4]

CONCLUSION

Accordingly, this court finds that sections 1452(b) and 1334 as amended provide for district court review of binding orders of the bankruptcy court concerning remand and abstention. Further, this court finds that the amended sections apply to any order entered after December 1, 1990, regardless of when the remand was made. Plaintiff's appeal, therefore, is taken as a matter of right to this court and the appeal will be heard on its merits.

IT IS SO ORDERED.

---

**4.** Based upon this interpretation of the amendment to section 1452(b), and consistent with amended Rule 9027(e), Local Rule 700, subd. 6 requiring bankruptcy judges in non-core proceedings to submit proposed finding of fact and conclusions of law should be changed.