In re RAMADA INN—PARAGOULD GENERAL PARTNERSHIP.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PARAGOULD, a Corporation, Plaintiff,

v.

David K. DRAKE; Bettye J. Drake; Bob Berry; Karin Berry; Bruce M. Smith; Rolin M. Smith a/k/a Rollin M. Smith; James M. Newsom and Elaine Newsom; Security Bank of Paragould, Arkansas; C.K.C. Construction, an Arizona Corporation, Defendants.

Bankruptcy No. 91–42419 S.
Adv. No. 914188.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Feb. 20, 1992.

See also 138 B.R. 63.

Geoffrey B. Treece, Hardin & Grace, Little Rock, Ark., for First Federal Sav. and Loan.

Douglas W. Coy, Little Rock, Ark., for Bob and Karin Berry.

Randy F. Philhours, Paragould, Ark., for Sec. Bank of Paragould and James and Elaine Newsom.

Stanley R. Langley, Jonesboro, Ark., for Bruce and Rolin Smith.

John M. Belew and Jerry Post, Batesville, Ark., for the Berrys and the Drakes.

Floyd Healy, Little Rock, Ark., for David and Bettye Drake.

Michael E. Todd, Paragould, Ark., for debtor.

## ORDER OF REMAND

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Petition for Removal filed by the debtor and Bob Berry, a non-debtor. The plaintiff, the defendant Security Bank of Paragould, and defendants John and Elaine Newsom have responded to the petition, each generally claiming that removal is inappropriate and requesting dismissal. No party has filed a motion for remand. The matter has been referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). *Christensen v. St. Paul Bank for Cooperatives (In re Fulda Independent Co-op)*, 130 B.R. 967, 972 (Bankr.D.Minn.1991).

The state court record was attached to the petition and revealed that a state court foreclosure proceeding was filed on June 16, 1989, against various individuals and entities. The debtor was not named in the complaint. On or about July 9, 1991, the Arkansas state court entered a judgment of foreclosure against the defendants. Four of the defendants, David K. Drake, Bettye J. Drake, Bob Berry, and Karin Berry, filed Notices of Appeal in the state court on August 8, 1991. Those notices are the last pleadings submitted with the state court record. On October 3, 1991, the debtor filed a Chapter 11 Petition in Bankruptcy and filed a Petition for Removal.[1]

■■■ Upon the filing of a notice of removal, the Court is required to review the notice and determine whether jurisdiction is proper. *Strange v. Arkansas–Oklahoma*

---

1. The notice of removal, styled a petition for removal, does not meet the requirement of Rule 9027(a)(1) inasmuch as it failed to declare whether the matter is core or non-core.

*Gas Corp.*, 534 F.Supp. 138, 139 (W.D.Ark. 1981). If the matter does not properly rest with the court, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). While several parties have indicated opposition to the removal, this opposition is general and they have failed to file a motion for remand. Nevertheless, this Court may, upon its own motion remand the matter to the state court. *See id; Smith v. City of Picayune*, 795 F.2d 482 (5th Cir.1986).

 There are numerous reasons for this Court to abstain from hearing this proceeding. First and foremost, is the fact that the state court matter has been concluded. Whether removal is appropriate is governed by Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1452(a). Rule 9027 provides in pertinent part:

(2) *Time for filing; Civil Action Initiated Before Commencement of the Case Under the Code.* If the claim or cause of action in a civil action *is pending* when a case under the Code is commenced, a notice of removal may be filed
* * *

Rule 9027(a)(2), Federal Rules of Bankruptcy Procedure (emphasis added). It appears to this Court that removal is inappropriate because Rule 9027 requires that a claim or cause of action be pending when the bankruptcy case is filed. In the instant case, the debtor has removed a cause which already proceeded to judgment. There is nothing to litigate in this proceeding; there is no decision for a trial Court to render. Further, the interests of justice, judicial economy, and legal doctrine prevent this Court from rehearing the matter. *Lane v.*

*Peterson,* 899 F.2d 737 (8th Cir.1990) (discussion of res judicata and collateral estoppel principals).

Other considerations require that the matter be remanded to state court. Although this case may concern property of the estate,[2] the issues involved are purely state law matters. The dispute is not so related to the bankruptcy case that it need be heard by this Court. *See generally Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga. 1989). The same facts and rationale which supports the *Cook* decision to abstain are found here. Indeed both mandatory and discretionary abstention doctrines are implicated.[3] Further, no basis for independent federal jurisdiction has been stated. Inasmuch as there is nothing for this Court to decide, it is nothing less than perverse to the interests of justice for this matter to remain in this Court.

 Although it is unclear whether removal was effected to circumvent the state court appellate process, nevertheless removal is still inappropriate. This Court cannot take jurisdiction over the appeal. The automatic stay, 11 U.S.C. § 362, may or may not stay the appellate proceedings. The record before this Court reveals no activity beyond the notice of appeal.[4] Accordingly, it is

ORDERED that this cause is REMANDED to the Chancery Court of Greene County, Arkansas.

IT IS SO ORDERED.

---

**2.** The petition for removal asserts that the property which is the subject of the state foreclosure action is property of the estate. The state court file does not so indicate. The debtor, the purported owner of the property was not named in the state court foreclosure suit.

**3.** There is some dispute as to whether mandatory abstention applies to cases removed under section 1452. *See Cook,* 102 B.R. at 877 (citing *Matter of Micro Mart, Inc.,* 72 B.R. 63 (Bankr.

N.D.Ga.1987); *Paul v. Chemical Bank,* 57 B.R. 8 (Bankr.S.D.N.Y.1985)).

**4.** It is unclear whether the Chancery Court of Greene County has jurisdiction over this matter. The appropriate Arkansas appellate court may now have jurisdiction. In any event, the parties removed this cause from the Chancery Court. Thus, it will be remanded to the Chancery Court.