**In re RAMADA INN—PARAGOULD GENERAL PARTNERSHIP.**

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PARAGOULD, a Corporation, Plaintiff,**

v.

**David K. DRAKE; Bettye J. Drake; Bob Berry; Karin Berry; Bruce M. Smith; Rolin M. Smith a/k/a Rollin M. Smith; James M. Newsom and Elaine Newsom; Security Bank of Paragould, Arkansas; C.K.C. Construction, an Arizona Corporation, Defendants.**

**Bankruptcy No. 91–42419 S.**
**Adv. No. 91–4188.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

March 13, 1992.

Geoffrey Treece, Little Rock, Ark., for debtor.

Michael Todd, Paragould, Ark., for plaintiff.

Randy Philhours, Paragould, Ark., for Security Bank of Paragould and James M. and Elaine Newsom.

Douglas Coy, Little Rock, Ark., for Bob and Karin Berry.

Floyd Healy, Little Rock, Ark., for David K. and Bettye J. Drake.

W. Price Harned, Mountain Home, Ark., for C.K.C. Const.

Stanley Langley, Jonesboro, Ark., for Bruce M. Smith and Rollin M. Smith.

## ORDER DENYING MOTION FOR RELIEF FROM ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion for Relief from Order of Remand and to Stay Parties to State Court Proceedings. The motion is made pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to set aside the previous order remanding this case to the state court. On February 20, 1992, the Court's Order was entered remanding this adversary proceeding to the state court. 137 B.R. 31. The debtor claims that this Court is "without jurisdiction to enter an Order of Remand or Abstention inasmuch as it is not an Article III Court." Several issues are raised by the debtor's motion, many of which are resolved by analysis of the most recent amendments to the removal statute.

The debtor's motion asserts that the Court's Order of Remand is void, Fed. R.Civ.Proc. 60(b)(4), or that other reasons justify relief from the order, Fed.R.Civ. Proc. 60(b)(6). The Court disagrees. The Order of Remand is not void because it fully comports with the provisions of title 28 and Rule 9027, Federal Rules of Bankruptcy Procedure. Further, inasmuch as there is no case in controversy, nor a "civil action pending" within the meaning of Rule 9027, there is no "reason justifying relief" from the Order.[1]

In December 1990, an amendment to 28 U.S.C. § 1452 (Removal of claims related to bankruptcy cases) was signed into law. Previously, the bankruptcy court was required to make a report and recommendation to the district court regarding remand of a case removed under section 1452. With the passage of Section 309(c) of the Judicial Improvements Act of 1990, Section 1452(b) was amended to allow the bankruptcy court to enter a binding order regarding remand. *See generally Dickinson v. Duck (In re Borelli)*, 132 B.R. 648 (N.D.Cal.1991). If the bankruptcy court remands a case, an appeal to the district court is permitted under title 28. Section 1452(b) only precludes appeal from the district court decision: section 1452(b) restricts only appeals under 28 U.S.C. § 158(d) (appeal from orders of district courts or bankruptcy appellate panels), 28 U.S.C. § 1291 (appeals from final decisions of district courts), and 28 U.S.C. § 1292 (appeals from interlocutory decisions of district courts). Rule 9027(e) was later amended to conform to these changes.

While the statute appears to be unambiguous, the Court notes that the legislative history supports this analysis:

Section 309 would amend ... 38 [sic] U.S.C. 1334(c)(2) and U.S.C. 1452(b) to clarify that, with respect to certain determinations in bankruptcy cases, they forbid only appeals from the district courts to the courts of appeals, not from bankruptcy courts to the district courts.... Such determinations would therefore be reviewable by the district court.

136 Cong.Rec. S17580 (daily ed. Oct. 27, 1990).

The debtor is thus incorrect in its assertion that it has "not only ... been denied a determination of the remand and abstention by a District Judge, it has also been denied all rights of due process." As discussed above, the statute in no manner precludes appeal to the district court. This argument was addressed in *Dickinson v. Duck (In re Borelli)*, 132 B.R. 648, 650 (N.D.Cal.1991), wherein the court stated:

Because section 1452(b), as amended, retains district court review of remand decisions, there are also no constitutional

---

1. The Court notes a curious fact regarding the removal. The Petition for Removal pleads removal from the state Chancery Court. However, prior to the filing of the petition, the Chancery Court had been divested of jurisdic- tion by the filing of two appeals. Thus, it may be the case that no removal was effected. It does not seem correct that a removal can be effected from a court that does not have the case.

impediments to the bankruptcy court's authority to enter a final order denying a motion to remand. District court review satisfied the constitutional standard set forth in [*Northern Pipeline Constr. Co. v.*] *Marathon* [*Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) ].

■ It has been noted that a "bankruptcy court has a 'much broader range of discretion' in deciding motions to remand in the bankruptcy context than under 28 U.S.C. § 1447(c), the general removal statute." *O'Rourke v. Cairns*, 129 B.R. 87, 89 (E.D.La.1991). Upon the filing of a notice of removal, the Court is required to review the notice and determine whether jurisdiction is proper. *Strange v. Arkansas–Oklahoma Gas Corp.*, 534 F.Supp. 138, 139 (W.D.Ark.1981). If the matter does not properly rest with the court, "[t]he court to which such claim or cause of action is removed *may remand* such claim or cause of action *on any equitable ground.*" 28 U.S.C. § 1452(b) (emphasis added). There is no requirement in section 1452 that a motion be made by any party. Indeed, it is the duty of every court to determine its jurisdiction over the subject matter. Thus, this Court may, upon its own motion, remand the matter to the state court. *See Strange*, 534 F.Supp. at 139; *Smith v. City of Picayune*, 795 F.2d 482 (5th Cir.1986).

■ The debtor appears to argue that a statement by the Court at a status conference previously granted the removal. The debtor states: "The Court noted at the hearing that the proceeding would be removed." The debtor appears to misunderstand the import of the statement "the proceeding would be removed." (The Court assumes, without ordering a transcript of the proceedings, that the statement is correct.) The appropriate document under title 28 for removal is a "Notice of Removal." Upon the filing of this document, the matter is removed; the Court need not sign an order approving the Notice. Just as a civil action is commenced upon the filing of a complaint, Fed.R.Civ. Proc. 3, a case is commenced in the federal district or bankruptcy court upon the filing

of the Notice of Removal. However, a court's subject matter jurisdiction and the court's duty to determine its jurisdiction are separate issues from whether a case has been filed or removed. The issue before the Court is not whether a case has been filed, but whether its remand is proper or necessary.

The debtor argues that it has not had the opportunity to brief the issue of remand. As discussed above, this Court does have the power to remand the cause, *sua sponte*. If, however, any party believed there were issues which were not considered by the Court in its decision, a motion for reconsideration would be appropriate. No such motion has been filed. Further, the debtor has now filed a brief in support of this Rule 60 motion arguing the jurisdictional question. However, the debtor has raised *no* reason in the brief why this matter, already disposed of by another court, should be before this Court. The state court matter has been concluded. Removal to this Court is thus manifestly inappropriate.

■ Whether removal is appropriate is governed by Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1452(a). Rule 9027 provides in pertinent part:

> (2) *Time for filing; Civil Action Initiated Before Commencement of the Case Under the Code.* If the claim or cause of action in a civil action *is pending* when a case under the Code is commenced, a notice of removal may be filed
> * * *

Rule 9027(a)(2), Federal Rules of Bankruptcy Procedure (emphasis added). Rule 9027 thus requires that a claim or cause of action be pending when the bankruptcy case is filed. In the instant case, the debtor has removed a cause which already proceeded to judgment. There is nothing to litigate in this proceeding; there is no decision for a trial Court to render. Further, the interests of justice, judicial economy, and legal doctrine prevent this Court from rehearing the matter. *See generally Lane v. Peterson*, 899 F.2d 737 (8th Cir.1990) (discussion

of res judicata and collateral estoppel principals).

Other considerations require that the matter be remanded to state court. Although it has been asserted that this case may concern property of the estate,[2] the issues involved are purely state law matters. The dispute is not so related to the bankruptcy case that it need be heard by this Court. *See generally Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga.1989); *see also O'Rourke v. Cairns,* 129 B.R. 87 (E.D.La. 1991). The same facts and rationale which supports the *Cook* decision to abstain are found here. Indeed both mandatory and discretionary abstention doctrines are implicated. Further, no basis for independent federal jurisdiction has been stated. Inasmuch as there is nothing for this Court to decide, the interests of justice are not served in retaining a matter already concluded by another court.

The debtor has also asked for an order pursuant to Rule 62(b) of the Federal Rules of Civil Procedure. Specifically, the debtor requests that a stay of the state court proceeding be imposed. Rule 62(b) provides that the court may stay the execution of an order pending the disposition of a motion made pursuant to Rule 60. Inasmuch as this Court rules on the Rule 60 motion in this Order, the imposition of a stay under Section 62(b) is inappropriate.[3]

ORDERED that the debtor's Motion for Relief from Order of Remand and to Stay Parties to State Court Proceeding is DENIED.

IT IS SO ORDERED.

---

2. The petition for removal asserts that the property which is the subject of the state foreclosure action is property of the estate. The state court file does not so indicate. The debtor, the purported owner of the property was not named in the state court foreclosure suit.

3. The debtor is not a party to the suit now remanded to the state court. The stay in bankruptcy, 11 U.S.C. § 362, does not appear to preclude the prosecution of the appeal. The debtor indicates that settlement negotiations are ongoing. While the Court encourages settlement, such negotiations are not necessarily grounds for a stay pursuant to Rule 62(b). Negotiations are certainly not grounds for extending the 11 U.S.C. § 362 stay to the non-debtors in the state court proceeding.