**Gale MacLEOD, Mary Pochert, Marllyne Mahlik, Carolyn McClure, Anne Campbell, Katherine Cramer, Cynthia Russell, and Delores Barrow, Plaintiffs,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Defendant.**

Civ. No. 94–1079–ST.

United States District Court, D. Oregon.

May 4, 1995.

Michael L. Williams, Robert S. Sola, Williams & Troutwine, P.C., Portland, OR, for plaintiffs.

Steven K. Blackhurst, Michael J. Sandmire, Ater Wynne Hewitt Dodson & Skerritt, Portland, OR, for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the Notice of Appeal of Magistrate Judge's Opinion and Order (# 22) filed by the defendant, Dalkon Shield Claimants Trust (the Trust).

## BACKGROUND

On August 8, 1994, the plaintiffs filed this action for products liability, negligence and fraud against the Trust in the Circuit Court of the State of Oregon for the County of Multnomah.

On September 6, 1994, the Trust filed a petition to remove the action to this court. The case was assigned to United States Magistrate Judge Janice M. Stewart.

On October 6, 1994, the plaintiffs filed a motion to remand this case to the Circuit Court of the State of Oregon for the County of Multnomah.

On January 18, 1995, Magistrate Judge Stewart granted the motion of the plaintiffs to remand. Magistrate Judge Stewart concluded that this court had jurisdiction under 28 U.S.C. § 1334(b); however, Magistrate Judge Stewart also concluded that abstention was appropriate under 28 U.S.C. § 1334(c)(1) and granted the motion of the plaintiffs to remand pursuant to 28 U.S.C. § 1334(c)(1) and as an equitable remand pursuant to 28 U.S.C. § 1452(b).

On February 2, 1995, the Clerk of the Court sent a certified copy of the order of remand to the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah.

On February 3, 1995, the Trust filed its notice of appeal from the opinion and order of January 18, 1995 of Magistrate Judge Stewart.

On February 17, 1995, the plaintiffs filed their memorandum in opposition to the Trust's notice of appeal from the opinion and order of Magistrate Judge Stewart.

On March 2, 1995, this court ordered the parties to file supplemental memoranda within twenty days to address the issue of this court's jurisdiction to rule on the issue of the Trust's notice of appeal in light of the advisory opinion of the Honorable Donald C. Ashmanskas, United States Magistrate Judge, in *Hallstrom v. Foster*, Civil No. 94–456–AS, filed on December 5, 1994, in which Magistrate Judge Ashmanskas concluded that because the case had been remanded to a state court, he had no jurisdiction to take further action.

On March 21, 1995, the United States Court of Appeals for the Federal Circuit filed an order denying the petitions of Raymond Keith Foster, et al. and Arthur Wilkens for a writ of mandamus in *Hallstrom v. Foster*, Civil No. 94–456–AS, concluding that the language in 28 U.S.C. § 1447(d) barred appellate review as well as barring reconsideration by the district court of the order of remand. In *Hallstrom v. Foster*, Civil No. 94–456–AS, the United States Court of Appeals for the Federal Circuit concluded that the language in section 1447(d) prevents a district court from reviewing an order of remand after the certification to a state court even where "premature certification resulted in a lack of district court review." Order, p. 9.

On March 22, 1995, both the plaintiffs and the Trust filed supplemental memoranda addressing the issue of the jurisdiction of this court to review the order of remand entered by Magistrate Judge Stewart on January 18, 1995.

## CONTENTIONS OF THE PARTIES

The Trust contends that this court has the authority to reconsider the order of remand entered by Magistrate Judge Stewart on January 18, 1995. The Trust argues that only orders of remand entered pursuant to section 1447(c) are immune from review under section 1447(d). The Trust argues that in this case the order of remand was entered pursuant to 28 U.S.C. § 1452(b) for reasons

other than a defect in the removal procedure or a lack of subject matter jurisdiction, and therefore the order of remand is subject to review. Finally, the Trust contends that it would be inequitable and anomalous for this court to lose jurisdiction because of an oversight by a clerk of the court.

The plaintiffs contend that the certification of the order of remand divested this court of jurisdiction. The plaintiffs contend that even if a clerk of the court acted prematurely, that fact does not change the present fact that this court has no jurisdiction. The plaintiffs contend that the general rule contained in section 1447(d) that orders of remand are not reviewable applies to an order of remand issued pursuant to 28 U.S.C. § 1452(b).

## ANALYSIS

28 U.S.C. § 1452, Removal of claims related to bankruptcy cases, states:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's policy or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

■ The language of section 1452(b) is similar to the language of 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." Before being amended in 1990, 28 U.S.C. § 1452(b) contained language identical to that of 28 U.S.C. § 1447(d), which provides that orders of remand issued pursuant to 28 U.S.C. § 1447(d)

are "not reviewable by appeal or otherwise." Section 1452(b), however, was amended in 1990 to allow a district court to review orders of remand issued by bankruptcy judges in order to address constitutional concerns raised by the previous lack of review by the district court of bankruptcy court orders. *See In re Borelli,* 132 B.R. 648, 650 n. 2 (N.D. Cal.1991); *see also Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (finding part of the Bankruptcy Act of 1978 unconstitutional because it permitted Article I bankruptcy judges to decide cases without review by Article III judges).

In this case, Magistrate Judge Stewart, duly appointed by this court pursuant to 28 U.S.C. § 631, had the authority to enter an order of remand, a nondispositive pretrial matter, pursuant to 28 U.S.C. § 636(b)(1)(A).

Section 1452(b) states that an order of remand is not reviewable "by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." While section 1452(b) does not prohibit the review of a magistrate judges' order of remand by the district court, the order of remand in this case was entered by the district court, and the case was remanded to the state court.

■ The United States Court of Appeals for the Ninth Circuit in *FSLIC v. Frumenti Dev. Corp.,* 857 F.2d 665 (9th Cir.1988), held that the prohibition on review of orders of remand contained in section 1447(d) applies to cases removed pursuant to 12 U.S.C. § 1730(k)(1). In *Frumenti,* the United States Court of Appeals for the Ninth Circuit disagreed with a ruling of the United States Court of Appeals for the Eleventh Circuit in *In re FSLIC,* 837 F.2d 432 (11th Cir.1988), and the premise of the United States Court of Appeals for the Eleventh Circuit that "the remand provision of section 1447(c) applies only to cases removed pursuant to 28 U.S.C. § 1441, and not to cases removed pursuant to statutes with special grants of federal jurisdiction and removal rights...." *Frumenti,* 857 F.2d at 669. The United States Court of Appeals for the Ninth Circuit relied instead

upon *United States v. Rice,* 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946), where the United States Supreme Court applied the predecessor of section 1447(d) to preclude review of an order of remand in a case removed pursuant to a special removal statute providing federal jurisdiction when the interests of an Indian in federally-restricted land are involved. The court in *Frumenti* stated:

> The Supreme Court held "these provisions [governing removal procedure and remands] were intended to be applicable not only to remand orders made in the suits removed under [the general removal statutes], but to orders of remand made in cases removed under any other statutes, as well." [*United States v. Rice*] at 752, 66 S.Ct. at 839.

857 F.2d at 669. In the Ninth Circuit, the prohibitions on review applicable to section 1447(d) apply to a remand pursuant to section 1452(b).

 Under the law of the Ninth Circuit, the event that divests the district court of jurisdiction is the mailing of the certified copy of the order of remand to the clerk of the state court. *Seedman v. United States Dist. Court,* 837 F.2d 413 (9th Cir.1988). The mailing of the certified copy of the order of remand has taken place in this case. The fact that the certification was premature in the *Hallstrom* case did not provide grounds for this court to reach into the Tillamook County Circuit Court and does not provide such grounds in this case. The remand was authorized by a removal statute pursuant to section 1452(b), and this court will not further review the order of Magistrate Judge Stewart.

## CONCLUSION

This court has no opinion as to whether appellate review is available in this case but finds that it has no jurisdiction to rule on the Trust's notice of appeal (# 22) from the opinion and order of Magistrate Judge Stewart of January 18, 1995. The appeal will be dismissed.