In re Billy E. TRAYLOR, Linda Traylor, Debtors.

Pamela TRAYLOR, et al., Appellees,

v.

FIRST FAMILY FINANCIAL SERVICES, INC., Appellant.

Civil Action No. 95–D–885–E.

United States District Court, M.D. Alabama, Eastern Division.

Dec. 8, 1995.

---

7. Debtor supplied an appraisal dated June 6, 1989, stating the market value of his homestead was $60,000.

Cecil M. Tipton, Jr., Opelika, AL, for Billy E. Traylor and Linda Traylor.

R. Carlton Smyly, Birmingham, AL, for First Family Fin. Serv.

John Garland Smith, Tallassee, AL, for Pamela Traylor.

### *MEMORANDUM OPINION AND ORDER*

DeMENT, District Judge.

The appellant, First Family Financial Services, Inc., appeals the May 22, 1995 order of the bankruptcy court remanding this action to the Circuit Court of Randolph County, Alabama. For the reasons stated herein, the decision of the bankruptcy court is due to be affirmed.

### APPELLATE JURISDICTION

The court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a), which provides that all final orders of the bankruptcy

courts shall be appealable to the federal district court embracing the district where the bankruptcy court serves. While an order by the bankruptcy court remanding an action to state court is not reviewable by the courts of appeals or the Supreme Court of the United States, the district court has jurisdiction to hear appeals from remand decisions. *Scherer v. Carroll*, 150 B.R. 549, 551 (Bankr.D.Vt. 1993); *In re Ramada Inn–Paragould General Partnership*, 138 B.R. 63, 64 (Bankr. E.D.Ark.1992) ("If the bankruptcy court remands a case, an appeal to the district court is permitted.").

## STANDARD OF REVIEW

The district court, acting as an appellate court, will not set aside the bankruptcy court's findings of fact unless they are "clearly erroneous." Fed.R.Bank.P. 8013; *Green Tree Acceptance, Inc. v. Calvert (In re Calvert)*, 907 F.2d 1069, 1071 (11th Cir.1990). In other words, findings of fact by the bankruptcy court are subject to reversal when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Furthermore, conclusions of law are subject to *de novo* review, and the district court may independently examine the applicable law and draw its own conclusions after applying the law to the facts without regard to the decision of the bankruptcy court. *In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir.1990); *In re Goerg*, 930 F.2d 1563, 1566 (11th Cir.1991).

## PROCEDURAL HISTORY AND FACTS

On January 29, 1993, appellee Pamela Traylor and her parents, Billy and Linda Traylor, filed a civil complaint against the appellant, First Family Financial Services, Inc. ("appellant"), in the Circuit Court of Randolph County, Alabama. In the complaint, Billy, Linda and Pamela Traylor, as co-obligors on a mortgage loan, assert that the appellant wrongfully instituted foreclosure proceedings against their residence and real property. The Traylors pray for compensatory and punitive damages under several state law theories, including breach of contract, libel and fraud. The Traylors are Alabama citizens, and the appellant is an Alabama corporation.

The events that precipitated the filing of this lawsuit are as follows: On February 16, 1989, appellee Pamela Traylor and her parents executed a loan and promissory note with the appellant. The note was secured by a first mortgage on Billy and Linda Traylor's residence and real property in Wedowee, Alabama. Thereafter, on October 2, 1991, the appellant commenced mortgage foreclosure proceedings, claiming that the note was in arrears. To preclude foreclosure of their residence, Billy and Linda Traylor, but not appellee Pamela Traylor, filed a voluntary petition on October 15, 1991, and sought relief under Chapter 13 of the United States Bankruptcy Code. The action was later converted to a Chapter 7 bankruptcy proceeding.

During the bankruptcy proceedings, Billy and Linda Traylor signed a reaffirmation agreement pursuant to 11 U.S.C. § 504, thereby agreeing to repay the loan in monthly installments. Thus, on August 26, 1992, the bankruptcy court entered an order of discharge in favor of Billy and Linda Traylor and closed the Chapter 7 case.

Thereafter, the Traylors commenced the state court action, and the bankruptcy case was reopened on April 9, 1993. On May 6, 1993, the appellant removed the case to the United States District Court for the Middle District of Alabama, predicating jurisdiction under 28 U.S.C. § 1334 (the statute granting subject matter jurisdiction to district courts in bankruptcy matters) and 28 U.S.C. § 1452 (the bankruptcy removal statute). On May 13, 1993, the Traylors filed a motion to abstain from hearing the action and to remand the action to state court. The district court referred the motion to the bankruptcy court. After a hearing, the bankruptcy court denied the motion because of a suspected bankruptcy law issue involving the enforceability of the reaffirmation agreement between Billy and Linda Traylor and the appellant. The bankruptcy court also dismissed Billy and Linda Traylor as plaintiffs and substituted the bankruptcy trustee to represent the interests of the estate.

258

Thereafter, appellee Pamela Traylor filed a motion on September 12, 1994, to withdraw the reference and, in the alternative, renewed the motion to remand this proceeding to state court. The district court reserved ruling on the motion to withdraw the reference pending the bankruptcy court's resolution of the renewed motion to remand. *See* Fed.R.Bank.P. 5011(a) (requiring a district court to hear a motion to withdraw the reference).

On May 22, 1995, and after a hearing, the bankruptcy court remanded this action pursuant to 28 U.S.C. § 1452(b), which grants a court discretionary power to remand a case "on any equitable ground." The equitable grounds upon which the bankruptcy court found that remand was appropriate were based upon findings that: (1) the action involves "purely state law claims" and does not require an application of bankruptcy law; (2) absent the bankruptcy petition, independent subject matter jurisdiction does not exist because the parties are not completely diverse and no federal question is involved; (3) under 28 U.S.C. § 157(b), the action is a noncore proceeding, over which the bankruptcy court does not have authority to enter a final judgment; (4) appellee Pamela Traylor has demanded and appears to be entitled to a jury trial and has not consented to a jury trial by the bankruptcy court; (5) the claims of appellee Pamela Traylor should not be bifurcated from the claims of the Chapter 7 trustee; (6) judicial economy and the risk of inconsistent verdicts dictate that the issues should be decided by only one court; and (7) timely adjudication by the state court is available. *In re Traylor*, Adv.Pro. No. 93–00209, at 3–4 (May 22, 1995) (Gordon, J.) (opinion on renewed motion to remand). After remand, the district court denied as moot the motion to withdraw the reference.

## DISCUSSION

The issue in this case is whether the bankruptcy court erred in remanding this action to state court under 28 U.S.C. § 1452, which gives the bankruptcy court discretionary power to remand a cause of action "on any equitable ground." 28 U.S.C. § 1452(b). While "equitable ground" is a broad standard, the courts have identified the following factors as relevant to the inquiry: (1) forum non conveniens; (2) that the entire action should be tried in the same court; (3) the extent to which state law dominates; (4) whether a state court is better able to resolve questions of state law; (5) the existence of a right to a jury trial; (6) judicial economy; (7) comity; (8) prejudice to the involuntarily removed party; (9) the degree of relatedness of the action to the main bankruptcy case; (10) a lessened possibility of inconsistent results; and (11) the effect of bifurcating claims or parties. *Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 997, 1001 (Bankr. N.D.Ala.1986) (decided under the former bankruptcy statute but standards for remanding based on equitable grounds are the same); *Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984); *In re Riverside Nursing Home*, 144 B.R. 951, 956 (Bankr. S.D.N.Y.1992). The discretion afforded the bankruptcy court in deciding a motion to remand is "much broader" than under the general removal statute, 28 U.S.C. § 1447(c). *O'Rourke v. Cairns*, 129 B.R. 87, 89 (Bankr. E.D.La.1991).

The appellant has set forth several grounds that purportedly warrant reversal of the bankruptcy court's decision to remand, each of which the court will discuss. First, the appellant contests the bankruptcy court's conclusion of law that subject matter jurisdiction does not exist, "because the parties are not completely diverse and no federal question is involved." *In re Traylor*, Adv. Pro. No. 93–00209, at 2 (May 22, 1995) (Gordon, J.) (opinion on renewed motion to remand). The appellant states that this finding is in error because appellee Pamela Traylor previously conceded to federal jurisdiction. Even assuming, without deciding, that appellee Pamela Traylor did consent to federal jurisdiction, the appellant's argument is without merit. Parties can never waive by consent the requirement of subject matter jurisdiction where it does not exist. *Hertz Corp. v. Alamo Rent–A–Car, Inc.*, 16 F.3d 1126, 1131 (11th Cir.1994).

The appellant continues by arguing that apart from the appellee's purported consent, federal jurisdiction clearly exists under 28

U.S.C. § 1334(b)'s grant of original, but not exclusive, jurisdiction to the district court over proceedings "related to" a bankruptcy case. *See Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984) (holding that a civil proceeding is "related to bankruptcy" when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy"), quoted with approval in *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir.1990).

■ In its remand opinion, the bankruptcy court did not determine whether § 1334 was a proper basis for subject matter jurisdiction and need not have done so. A court may remand a case to state court for equitable reasons even if jurisdiction exists under § 1334. *See Cook v. Griffin,* 102 B.R. 875, 876 (Bankr.N.D.Ga.1989); *Thomasson,* 59 B.R. at 1002 n. 5. Hence, for purposes of ruling on this appeal, the court finds immaterial the question of whether subject matter jurisdiction may be predicated upon § 1334. For the same reasons, the court need not address the appellant's contention that the court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of appellee Pamela Traylor. Rather, the controlling issue is whether equitable reasons compel the court to remand this action.

■ The court agrees with the bankruptcy court that several of the equitable factors discussed, *supra,* warrant remand and, thus, finds that the bankruptcy court did not err in its decision. First, this is a mortgage foreclosure action in which state law issues predominate and determinations unique to bankruptcy law do not arise. Thus, remand to state court will assure that the result in this case is consistent with the results in other similar actions filed in Alabama and will allow the state court to interpret its own law. *See Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863 (Bankr.N.D.Ill. 1991). In noncore proceedings, that is cases where state law governs, "Congress has made it plain that ..., the federal courts should not rush to usurp the traditional precincts of the state court." *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,* 130 B.R. 405, 409 (Bankr.S.D.N.Y.1991).

In addition, appellee Pamela Traylor has demanded, and according to the bankruptcy court, appears to be entitled to a jury trial. The state court can provide a jury trial on the state-law issues without the complexities that would arise in the bankruptcy court due to the unsettled state of the law regarding jury trials in bankruptcy cases. *See Thomasson,* 59 B.R. at 1000. The appellant argues that the right to a jury trial should not serve as an impediment to federal jurisdiction. If appellee Pamela Traylor is entitled to a jury trial, the appellant states that the district court may withdraw the reference and provide her with a jury trial. The court, however, finds that all the factors, when viewed in whole, deem remand appropriate in this case. Moreover, the court agrees with the bankruptcy court that because the claims of appellee Pamela Traylor and the Chapter 7 trustee are similar and arise from the same set of facts, appellee Pamela Traylor's claims should not be bifurcated from those of the Chapter 7 trustee.

Moreover, the state court will be able to try and decide the case without delay. After remand, the state court set the action on a jury trial docket in September 1995, which had to be continued pending this appeal. Presumably, the trial again can be scheduled in the near future. If the case were tried in the bankruptcy court, however, a final judgment must await the district court's review of the bankruptcy court's report and recommendation, as this action is a noncore proceeding. *See* 28 U.S.C. § 157(c). If as suggested by the appellant, the district court were to try the case, it could not be set for trial until 1997. Hence, added delay would result in either the bankruptcy court or the district court, and this delay tips the scales in favor of remand.

The appellant also argues that this case has been pending for more than two years in a federal forum, thus, rendering unjust a remand of this action. The court does not agree. Neither the bankruptcy court nor this court has dealt with the merits of the underlying case. Rather, the only orders have involved ongoing bankruptcy procedural issues; thus, any head start which the bank-

ruptcy court or this court may have gained is minimal at best.

Finally, the appellant argues that this court has a compelling interest in resolving the merits of this case based upon the resolution of its affirmative defense. The appellant contends that the Traylors are precluded from bringing a civil action under the doctrine of judicial estoppel and that a federal court should decide the issue in order to prevent potential abuses of the bankruptcy system and protect the integrity of the federal courts. The appellant relies on *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc.*, 989 F.2d 570 (1st Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 344, 126 L.Ed.2d 309 (1993), and *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414 (3rd Cir.1988). These cases hold that the failure of a debtor to include a monetary claim against the creditor in the debtor's schedules and disclosure statement will bar a subsequent prosecution of those claims. This concept is known as judicial estoppel and, in essence, precludes a debtor from concealing his or her claims, disposing of creditors "on the cheap" and starting over with a bundle of new rights.

 Without addressing the merits of the affirmative defense,[1] the court finds that it should not retain a case merely because the defendant has raised an affirmative defense that requires application of federal law. To do so could potentially encourage misuse of the judicial system and promote forum shopping by allowing a defendant, who wished to remain in federal court, to include in its answer an affirmative defense that requires application of federal law. The court finds that the state courts are fully capable and competent to hear and determine the merits, if any, of this defense, which the appellant has raised in its pending motion for summary judgment. Moreover, the principle of judicial estoppel does not require a complex bankruptcy issue but, rather, involves equitable considerations, of which the state courts are familiar.[2]

## CONCLUSION

For the reasons explained, it is CONSIDERED, ORDERED, and ADJUDGED that the final order of the Bankruptcy Court for the Middle District of Alabama be and the same is hereby AFFIRMED.

It is further CONSIDERED and ORDERED that all costs herein incurred are taxed against the appellant, First Family Financial Services, Inc., for which let execution issue.

---

1. An appeal of a remand order is not the proper time to determine the applicability of an affirmative defense.

2. Incidentally, the assertion of an affirmative defense based on application of federal law cannot provide the basis for federal-question jurisdiction under 28 U.S.C. § 1331. Whether the complaint states a federal question must be determined by examining the face of the complaint. As stated by the Supreme Court of the United States, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (citation omitted).