**In re Richard Wayne ROBERTSON, d/b/a Wayne's Marine Sales and Service, Debtor.**

**The Farmers National Bank of Opelika, Alabama, Farmers National Bancshares, Inc., F. Alton Garrett, and Troy Godwin, Appellants,**

v.

**Richard Wayne Robertson, d/b/a Wayne's Marine Sales and Service, Appellee.**

**Civ.A. No. 00–A–1629–E.**

United States District Court, M.D. Alabama, Eastern Division.

Feb. 5, 2001.

---

Davis B. Whittelsey, Whittelsey & Whittelsey, P.C., Deborah G. Knight, Opelika, AL, for debtor.

James Ernest Bridges, III, John V. Denson, II, Samford, Denson, Horsley, Pettey & Bridges, Opelika, AL, for appellants.

Davis B. Whittelsey, Whittelsey & Whittelsey, Opelika, AL, Deborah G. Knight, Opelika, AL, for appellee.

Cecil M. Tipton, Jr., Opelika, AL, trustee.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss Appeal (doc. # 3) and on a Motion to Set Aside Stay of State Court Proceedings (doc. # 5), filed by Richard Wayne Robertson ("Appellee") on December 1, 2000. Appellants Farmers National Bank of Opelika, Alabama ("Farmers"), Farmer National Bancshares, Inc. ("Bancshares"), F. Alton Garrett ("Garrett"), and Troy A. Godwin ("Godwin") ("Appellants") have filed their response, and Appellee's motions are now under submission.

For the reasons stated below, the Appellee's motions are due to be DENIED.

### II. BACKGROUND

On April 27, 2000 Appellee filed a complaint in the Circuit Court of Lee County, Alabama naming the Appellants as defendants. Appellee alleges that Appellants fraudulently misrepresented provisions of a Loan Modification Agreement entered into by the parties resulting in substantial monetary damages to Appellee. The state law complaint also alleges deceit, breach of fiduciary duty, breach of contract, negligence, wantonness, and slander of title.

On May 18, 2000, Appellee filed a voluntary Petition in Bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. On May 30, 2000, the Appellants removed the above described civil action from the Circuit Court for Lee County to the United States Bankruptcy Court for the Middle District of Alabama pursuant to 28 U.S.C. §§ 157, 1334, 1441, 1446 and Bankruptcy Rules 7001 and 9027. Appellee objected to removal of the Lee County suit and filed a motion for abstention and/or remand with the Bankruptcy Court.

On September 5, 2000, the Bankruptcy Court granted Appellee's motion, and ordered the case remanded to the Circuit Court for Lee County.

On September 19, 2000, the Appellants filed their Notice of Appeal and a motion to stay the state court proceedings. Subsequently, the Bankruptcy Court stayed its order of remand pending appeal to this court. On November 9, 2000, the Bankruptcy Court, upon the motion of several of the Appellee's creditors, converted the Appellee's case to one arising under Chapter 7 (Liquidation) of the Bankruptcy Code.

## III. *DISCUSSION*

### A. *Motion to Dismiss Appeal*

■ Appellee argues that this court does not have authority to review the Bankruptcy Court's remand order and contends that dismissal of this action is appropriate in light of 28 U.S.C. § 1452(b). Appellants believe this court has appellate jurisdiction over this matter. Specifically, Appellants argue that 28 U.S.C. § 1334 governs this appeal and allows district court review of the Bankruptcy Court's remand order.

Section 1452(b) concerns the removal of claims related to bankruptcy cases. It states:

> The court to which such a claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

*Id.*

The language of the statute makes clear that an order of remand is not reviewable by a court of appeals or the Supreme Court. It does not, however, state that district court review of a bankruptcy court's order of remand is jurisdictionally barred, and the authority cited by Appellee in support of that proposition is not, in fact, supportive. For example, *Sykes v. Texas Air Corp.*, 834 F.2d 488, 489 (5th Cir.1987), one of only two cases cited by the Appellee in his Motion to Dismiss, states merely that there is no appeal to the Fifth Circuit from a remand order under section 1452(b). The *Sykes* opinion has no bearing on the issues presented in this case.

On the other hand, there are many cases recognizing that a bankruptcy court's order remanding a case to state court is appealable to the district court, but not beyond. *See e.g. In re Traylor*, 192 B.R. 255 (M.D.Ala.1995); *In re Ramada Inn—Paragould Gen. Partnership*, 138 B.R. 63, 64–65 (Bankr.E.D.Ark.1992); *In re GF Corp.*, 127 B.R. 384, 385 (Bakr.N.D.Ohio 1991); *In re Borelli*, 132 B.R. 648, 649 (N.D.Cal.1991). Discussing the precise issue now under consideration, the *Borelli* court remarked on the legislative history of current section 1452(b): "While the amendment does not specifically address appellate review by the district court, it is clear from the legislative history that Congress intended to give the district court jurisdiction to review remand and abstention decisions of the bankruptcy courts." *Id.* at 649. The great weight of authority and the plain language of section 1452(b) rest solidly against the position espoused by the Appellee. This court is unpersuaded by Appellee's argument in support of dismissal. Accordingly, Appellee's Motion to Dismiss is due to be DENIED.[1]

### B. *Motion to Set Aside Stay of State Court Proceedings*

■ Appellee prays, in the alternative, for this court to set aside the Bankruptcy

---

1. The court also agrees with the Appellants insofar as they contend that section 1334(d) (bankruptcy abstention provision) allows for district court appellate review of a bankruptcy court's abstention order. *See Southerland v. Smith,* 136 B.R. 565, 567 (M.D.Fla.1992).

Court's stay order entered on October 31, 2000. Appellee offers no authority supporting this request, but does contend that the Appellants have done everything within their power to hinder the advancement of the state court proceedings. Appellants, *inter alia,* rely upon the reasoning supporting the Bankruptcy Court's stay order.

 Bankruptcy Rule 8005 expressly vests the Bankruptcy Court with authority to enter an order staying a previous order of that court. In this case the Bankruptcy Court stated, "[b]ecause the outcome of the current appeal will have a substantial effect upon the administration of the underlying bankruptcy and the Court believes that the [Appellee] will not be harmed by the stay, this Court is of the view that it is appropriate to stay the order remanding the adversary proceeding, pending appeal to District Court." Order on Motion to Stay at 2–3. Appellee has not even argued that the Bankruptcy Court erred in exercising its discretion. The decision to stay the remand, given the Notice of Appeal to this court filed by Appellants, appears imminently reasonable. Appellee's Motion to Set Aside Stay is due to be DENIED.[2]

## IV. *CONCLUSION*

For the foregoing reasons, it is ORDERED as follows:

1. Appellee Richard Wayne Robertson's Motion to Dismiss Appeal (doc. # 3) is DENIED.

2. Appellee Richard Wayne Robertson's Motion to Set Aside Stay of State Court Proceedings (doc. # 5) is DENIED.

3. Appellee Richard Wayne Robertson's request for a bond or other security pending appeal is DENIED.

4. It is further ORDERED, pursuant to Bankruptcy Rule 8009, that the Appellants, Farmers National Bank of Opelika, Alabama, Farmer National Bancshares, Inc., F. Alton Garrett, and Troy A. Godwin, be given until **February 20, 2001** to file a brief in support of their appeal. The Appellee, Richard Wayne Robertson, is given until March 7, 2001 to file a brief in response. The Appellants will be given until **March 19, 2001** to file a reply brief. The appeal will be taken under submission on **March 19, 2001.**

---

2. Appellee makes one final request of this court. In the event that his Motion to Dismiss and Motion to Set Aside Stay are denied, Appellee has asked this court to require the Appellants to file a bond or other appropriate security pending appeal. *See* Bankruptcy Rule 8005. The court notes that the Appellee is not entitled to an order from this court for a supersedeas bond when he has failed to make a showing in the Bankruptcy Court below why the requested relief should have been granted. *In re Shipman,* 75 B.R. 231 (N.D.Iowa 1987). It was within the discretion of the Bankruptcy Court to require a bond, but it did not. This court will not require the Appellants to file bond at this juncture. Appellee's request is due to be DENIED.