**Fred J. FLINT, Individually and for the use and benefit of C.B. Flint, Freeling Lynes and Janet Roberts, Plaintiffs-Appellants,**

v.

**The SPEIR INSURANCE AGENCY, INC., Thomas Lee Speir, Wyckoff-Flint Insurance Agency, Inc., Homefinders Realty Co., Inc., and I.A.G., Inc., Defendants-Appellees.**

Civ. A. No. C83–1078A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 26, 1983.

---

Francis I. Breazeale, Chattanooga, Tenn., for plaintiffs-appellants.

Frank B. Wilensky, Macey & Suzmann, Charles E. Campbell, Hicks, Maloof & Campbell, Atlanta, Ga., for defendants-appellees.

## ORDER

FORRESTER, District Judge.

This case is before the court now on appeal from an order of the bankruptcy court denying remand of this action to the Chancery Court of Hamilton County, Tennessee. This action originated as an adversary proceeding in that court filed on March 3, 1982. On March 17, that court entered a consent decree in settlement of the litigation but which required an accounting. On May 26, 1982 the defendant in the Tennessee court action, Speir Insurance Agency, filed a petition in bankruptcy in the Bankruptcy Court for the Northern District of Georgia. On June 23, Speir then filed a petition for removal of the Tennessee court action to the Bankruptcy Court for the Northern District of Georgia. Appellant Flint sought remand of the proceeding, asserting that the bankruptcy court lacked subject matter jurisdiction of the action, that the action was no longer "pending" because it had become final under Tennessee law, and that venue was improper. The bankruptcy court decided that "the results of the enforcement of (the consent) order have a direct bearing on the estate in this case, and should be dealt with in the same proceeding as the bankruptcy case. The court therefore denied the motion for remand. It is that order which is now being appealed.

■ 28 U.S.C. § 1478 provides for removal of civil actions to the bankruptcy courts:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court *for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.*

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, *or a decision not so remanding* is not reviewable by appeal or otherwise. (Emphasis added).

Subsection (b) prohibits review of any order denying a motion to remand. However, this court does not construe that section to prohibit review of whether the bankruptcy court had subject matter jurisdiction or venue, as provided by subsection (a), in the first instance. Rather, the court believes that the section prohibits only review of the discretionary decision to remand or not to remand an action which has been properly

removed. Thus, where a court finds that the bankruptcy court had subject matter jurisdiction and venue was proper, it is not permitted to review the decision of the bankruptcy court of whether or not to remand. Where either subject matter jurisdiction or venue is lacking, however, the decision should be reviewed.

■ Appellant urges that the decision of the Supreme Court in *Northern Pipeline Construction Co. vs. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) declared unconstitutional the broad grant to the bankruptcy courts of jurisdiction over matters related to bankruptcy proceedings, and that therefore the bankruptcy court had no jurisdiction over this action. The Supreme Court's decision in *Northern Pipeline* was concerned with a broad grant of Article III jurisdiction to judges who did not have life tenure and protection against salary diminution as required by Article III, Section 1, of the Constitution. Addressing this concern, this court amended its local rules to provide that "in related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge." *In 're Jurisdiction of United States Bankruptcy Court, Northern District of Georgia,* Rule (d)(3)(B) (Northern District of Georgia, December 17, 1982). "Related proceedings" are defined to be those civil proceedings that "in the absence of a petition in bankruptcy, could have been brought in a district court or a state court." Rule (d)(3)(A). The effect of these rules is to allow complicated bankruptcy matters to be handled by judges with specialized expertise in the area, while leaving the jurisdiction to issue the final judgments in the district court. The court finds nothing unconstitutional in this arrangement. Because the court finds that the contract action filed in the Chancery Court of Hamilton County, Tennessee, is a related proceeding within the meaning of its local rules and 28 U.S.C. § 1478, the court finds that

the bankruptcy court had subject matter jurisdiction of the action.

■ The next step in the analysis is to determine whether venue was proper in the Northern District of Georgia. There is no question that venue in the Northern District of Georgia would be proper if the contract proceeding had been commenced there in the first instance, since that is where the Chapter 11 proceeding is pending. 28 U.S.C. § 1473. However, 28 U.S.C. § 1478 provides specifically for removal "to the bankruptcy court for the district where such civil action is pending." This section has been held to constitute "an automatic venue provision dictating that the removed case be tried in the same district where the civil action is pending unless transferred under 28 U.S.C. § 1475 in the interests of justice and for the convenience of the parties." *Wes-Flo, Inc. v. Wilson Freight Company,* 13 B.R. 617, 620 (Bkrtcy.S.D.Ohio 1981). In this case the statute dictates that venue is proper only in the Eastern District of Tennessee, where the action was pending. There is, therefore, a defect in venue present. However, 28 U.S.C. § 1477(a) provides for the cure of a defect in venue:

> (a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, *retain such case or proceeding,* or may transfer under § 1475 of this Title, such case or proceeding to any other district or division. (Emphasis added).

The only time this section comes into play is when another venue provision takes precedence over the venue provision of § 1473. *In Re Arctic Enterprises, Inc.,* 10 B.R. 746 (Bkrtcy.D.Minn.1981). This provision allows a court which would have venue under § 1473 in the absence of some other exclusive provision of federal law which supersedes § 1473, to make a determination whether to retain or transfer the case "in the interests of justice and for the convenience of the parties."

■ ·In the present case § 1478 dictated that proper venue was in the Eastern District of Tennessee. However, the Northern District of Georgia would otherwise have had venue under § 1473, because it relates to a presently pending bankruptcy proceeding in that district. Under § 1477 the Bankruptcy Court for the Northern District of Georgia had the power to decide whether to transfer the case or to retain it. The court decided to retain it. Based on the record before this court this court cannot say as a matter of law that the bankruptcy court's decision to retain the action rather than transfer it to the Eastern District of Tennessee was clearly erroneous.

■ Finally, this court agrees with the decision by the bankruptcy judge that the action in the Tennessee court was still pending at the time of removal. At the time the petition in bankruptcy was filed there remained yet to be done an accounting. The resolution of this and several other issues, including the enforceability of the terms and provisions of the order, have a direct bearing on the debtor's estate. The action was therefore properly removable under § 1478.

Having found that the action was removable and that the Northern District of Georgia had both subject matter jurisdiction and the power to cure a defect in venue, the only remaining issue is whether to review the decision of the bankruptcy court not to remand the action to the Chancery Court of Hamilton County, Tennessee. 28 U.S.C. § 1478(b) clearly prohibits such review. The appeal therefore is DISMISSED.