Mary ROGERS–FINK, Plaintiff,

v.

CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES; Michael Dick, A.L.J. and Charles Mullen, Judge, Defendants.

No. 93–CV–565.

United States District Court, N.D. New York.

June 15, 1994.

Mary Rogers Fink, pro se.

Robert T. Jewett, Cortland, NY, for defendant Dept. of Social Services.

G. Oliver Koppell, Atty. Gen. of the State of N.Y., Albany, NY, for defendants Mullen and Dick; Lawrence L. Doolittle, Louis J. Tripoli, Asst. Attys. Gen., of counsel.

*MEMORANDUM–DECISION AND ORDER*

SCULLIN, District Judge.

### I. BACKGROUND AND FACTS

Plaintiff Mary Rogers–Fink is a fifty-three year old mother of seven who, in December of 1984, returned to college to study journalism. Plaintiff received approximately $30,-000 in student loans between 1984 to 1987. Plaintiff's twenty year old daughter applied for public assistance in May of 1992. It is the policy of defendant Cortland County Department of Social Services (hereafter "DSS") to pursue parents for reimbursement

of any public assistance payments made to their minor children. As a result of such an investigation by defendant DSS, plaintiff was ordered, on November 16, 1992, by defendant Family Court Judge Charles Mullen (hereafter "Mullen") to pay twenty-five dollars ($25.00) per month to satisfy these child support obligations. Thereafter, defendant DSS learned of plaintiff's purchase of a new automobile and the availability of plaintiff's student loan proceeds. Based upon these new factual findings, on February 3, 1993, defendant Administrative Law Judge and Hearing Examiner Michael Dick (hereafter "Dick") reviewed the earlier ordered support payments and further ordered that plaintiff's payments be increased to fifty dollars ($50.00) per month.

Plaintiff filed this complaint together with an in forma pauperis application in the United States District Court on April 30, 1993 against defendants DSS, Mullen, and Dick. Plaintiff alleges that each defendant contributed to the miscalculation of her income for the purpose of determining her child support payments and that this miscalculation was the result of imputing plaintiff's student loan receipts into the formula used to determine income. Plaintiff commenced this action as a class action suit apparently seeking redress for all parents whose child support payments were determined by the "inequities carried out under the auspices of the Family Court of Cortland County." *See* Amended Complaint, § V, Statement of Claim. Plaintiff seeks judgment reversing the decisions of the Cortland County Family Court and an order directing consideration of "any federally funded student financial aid or any other federal aid including SSI or Social Security disability within its proper context and in regard to the overall intent of the direction of such aid" and costs. *See* Amended Complaint § 16(a). The amended complaint does not explicitly state that plaintiff is claiming constitutional violations, however, the court liberally infers the amended complaint to allege a conspiracy to deprive plaintiff of her property under 42 U.S.C. § 1983.

This matter is before this court on the motion of defendants Mullen and Dick to dismiss the complaint based upon: (1) plaintiff's failure to state a claim upon which relief can be granted; (2) lack of subject matter jurisdiction; (3) judicial immunity; and (4) the Eleventh Amendment. Defendant DSS moves to dismiss based upon: (1) lack of subject matter jurisdiction; (2) failure to state a claim; and (3) lack of standing.

## II. DISCUSSION

Although defendants have presented a number of arguments, the court finds their argument regarding the lack of subject matter jurisdiction to be dispositive.

Defendants allege that plaintiff's action is barred under the *Rooker–Feldman* doctrine for lack of subject matter jurisdiction. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), the Supreme Court held that a challenged state court judgment may only be reviewed for constitutional error by the Supreme Court of the United States. *Id.* In *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970), the Supreme Court reconfirmed that lower federal courts possess no power to sit in direct review of state court decisions. *Id.* Furthermore, in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983), the Court held that a district court is without authority to review final state court determinations. *Id.*

The Second Circuit has interpreted the Rooker–Feldman doctrine to mean that "an inferior federal court established by Congress pursuant to Article III, Section 1, of the Constitution may not act as an appellate tribunal for the purpose of overruling a state court judgment even though the judgment may rest on an erroneous resolution of constitutional or federal law issues. The exclusive procedure for federal review is that specified at 28 U.S.C. § 1257."[1] *Texaco Inc.*

1. "Final judgments … rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari … where the validity of a statute of any State is drawn in question on the

v. *Pennzoil Co.*, 784 F.2d 1133, 1142 (2d Cir.1986), *rev'd on other grounds*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Moreover, a state court judgment need not be fully appealed through the state system prior to exercise of the Rooker–Feldman doctrine. *Id.* at 1142–43.

The Rooker–Feldman doctrine further bars a district court from exercising jurisdiction over constitutional claims "inextricably intertwined" with a review of the decision. *Feldman*, 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16. The rationale being that a determination of the constitutional issue in essence collaterally attacks the state court decision. *See e.g., King v. James*, 1991 WL 255110 (N.D.N.Y.1991) (McCurn, C.J.).

In the present case, plaintiff's claims are founded on the allegations that the New York State Family Court decisions were incorrect. Any review of these determinations would ultimately result in placing this district court in the position of sitting in direct review of the courts of the State of New York. Moreover, the fact that plaintiff's amended complaint may be inferred to allege a Section 1983 claim does not give this court authority to review a decision of the New York State Court. *Tang v. Appellate Division of New York Supreme Court*, 487 F.2d 138, 142 (2d Cir.1973), *cert. denied*, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974) (bringing an action under § 1983 does not alter Rooker principle).

Accordingly, plaintiff's amended complaint is dismissed as against all defendants for lack of subject matter jurisdiction. In view of the court's determination on jurisdiction, it declines to address the defendant's primary argument, and based on the foregoing, it is hereby

**ORDERED,** that Defendants motion to dismiss for lack of subject matter jurisdiction is hereby **GRANTED.**

**IT IS SO ORDERED.**

ground of its being repugnant to the Constitution...." 28 U.S.C. § 1257.